Matter of Zekaria (2024 NY Slip Op 03338)

Matter of Zekaria

2024 NY Slip Op 03338

Decided on June 18, 2024

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
David Friedman
Tanya R. Kennedy
Manuel J. Mendez
LlinÉt M. Rosado, JJ.

Motion No. 2024-00598 Case No. 2024-00376 

[*1]In the Matter of Daphna Zekaria, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Daphna Zekaria, (OCA ATTY. REG. NO. 2835247), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Daphna Zekaria, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on July 14, 1997.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Andrea B. Carter, of counsel), for petitioner.
Thomas F. Foley, Esq., for respondent.

Per Curiam 

Respondent, Daphna Zekaria, was admitted to the practice of law in the State of New York by the Second Judicial Department on July 14, 1997. At the beginning of the Attorney Grievance Committee (AGC)'s investigation, respondent maintained an office for the practice of law within the First Judicial Department. Respondent later relocated to Huntington, NY, in the Second Judicial Department. The AGC represents that, on consent of the AGC for the Tenth Judicial District, it continues to handle all matters, and it is forwarded all complaints concerning respondent.
On January 31, 2024, the AGC moved for an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1), (3), and (5), to suspend respondent from the practice of law on an interim basis during the pendency of its investigation, based on her failure to comply with its lawful demands and her conversion of funds held in her escrow account.
On September 1, 2022, the AGC was forwarded a notice from the Lawyers' Fund for Client Protection (LFCP), dated August 15, 2022, about a $2,500 dishonored check from respondent's escrow account.
On November 9, 2022, the AGC sent a copy of the dishonored check notice to respondent's firm by email and requested an answer by November 29, 2022. On November 28, 2022, an associate at respondent's firm emailed the AGC and requested an extension of respondent's time to answer to January 6, 2023. On January 6, 2023, the associate at respondent's firm requested a further extension of respondent's time to answer to February 6, 2023.
On January 31, 2023, the AGC sent an email to respondent's firm, attaching a copy of a second notice from the LFCP, dated October 19, 2022, about a $55,000 dishonored check from respondent's escrow account, requesting an answer within 20 days. Respondent failed to respond. On June 2, 2023, the AGC again requested an answer from respondent within 10 days. Respondent again failed to respond.
On August 25, 2023, the AGC called respondent's firm to speak with her. Respondent claimed that she had submitted an answer, and that she would forward it and call three days later. The AGC told respondent that if it did not receive her answer, she would be subpoenaed. Respondent failed both to forward her answer and to call the AGC.
On September 15, 2023, respondent was personally served with a subpoena requiring her to appear at the AGC on September 27, 2023, and to bring [*2]with her bank records for her escrow account from January 2022 to the present. On September 19, 2023, the AGC called respondent to ensure that she would bring the subpoenaed records. Respondent failed to appear on the return date and to formally request an adjournment.
Separately, the AGC subpoenaed records pertaining to respondent's escrow and operating bank accounts. The AGC alleges that respondent ultimately converted $48,272.45 which she had no authorization, at any time, to withdraw.
On November 11, 2023, C.C., through her counsel, filed a complaint with the AGC, alleging that respondent failed to hold funds in escrow from the sale of her marital property. On November 17, 2023, the AGC emailed C.C.'s complaint to respondent for an answer.
With respect to C.C.'s complaint, the AGC alleges that respondent made three wire transfers related to the sale of C.C.'s marital property and that she withdrew a total of $128,700 from her escrow account without authorization.
On November 17, 2023, V.F., principal of a landlord management company, filed a complaint with the AGC and provided an order of this Court, entered August 31, 2023, directing respondent to release funds that were held in escrow (325 Mgt. Corp. v Statuto, 2023 NY Slip Op 72511[U] [1st Dept 2023]).
On November 20, 2023, the AGC forwarded V.F.'s complaint to respondent, requesting respondent to answer by November 27, 2023. On December 4, 2023, respondent's counsel submitted a notice of appearance and requested an extension of time to submit an answer. The AGC extended respondent's time to answer to December 22, 2023, and respondent submitted her answer on December 24, 2023.
Respondent was scheduled to be examined under oath by the AGC on January 5, 2024. However, by letter dated January 4, 2024, respondent's counsel informed the AGC that respondent had been indicted in Suffolk County in connection with allegations arising from her practice of law, and that respondent was advised not to appear for the examination under oath.
In addition to the complaint filed with the AGC, by order to show cause (OSC), C.C. moved in Supreme Court, Nassau County to compel respondent and her firm to turn over their file to C.C.'s new counsel. The OSC required appearances in person on the return date of May 5, 2023. Respondent did not appear, and the motion was adjourned to June 6, 2023, with a warning that sanctions may be imposed if respondent failed to appear.
By so-ordered stipulation entered June 7, 2023, it was agreed, among other things, that by June 13, 2023, respondent would turn over entire C.C.'s file to C.C.'s new counsel and transfer all funds maintained in her attorney escrow account for or on behalf of C.C. to C.C.'s new counsel (the June 2023 stipulation).
However, respondent did not release the escrow funds or otherwise comply withthe June 2023 stipulation. C.C. moved, again by OSC, to hold respondent in contempt and for sanctions. By order entered November 17, 2023, Supreme Court [*3]granted the motion to the extent of holding respondent in civil contempt, giving her a chance to purge her contempt by satisfying all conditions outlined in the June 2023 stipulation before December 20, 2023, or otherwise warning that she would have to appear in his courtroom on that date, a warrant would be issued for her arrest, and she would be sentenced to a six-month term.
On December 20, 2023, Supreme Court held that respondent had not complied with the terms of its order and issued a warrant for respondent's arrest.
The AGC asserts that there is uncontroverted evidence of conversion in the form of bank records and the two court orders directing respondent to return the funds held in escrow. The AGC also argues that respondent's repeated failure to comply with the AGC's investigation and the Court's subpoena warrants her interim suspension under 22 NYCRR 1240.9(a)(1), (3), and (5).
Respondent argues that this disciplinary proceeding should be held in abeyance until the conclusion of the criminal matter against her in Suffolk County. Respondent also argues that she has cooperated with the AGC's investigation to the extent that she has retained counsel to advise her on this proceeding.
Respondent opposes an interim suspension because she has not engaged in conduct immediately threatening the public interest. Respondent further argues that an interim suspension would be unduly harsh, as there is a possibility that this disciplinary process could result in the issuance of a public censure.
22 NYCRR 1240.9(a) provides for an interim suspension "upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon: (1) the respondent's default in responding to a petition, notice to appear for formal interview, examination, or pursuant to subpoena (3) the respondent's failure to comply with a lawful demand of the Court or a Committee in an investigation or proceeding , or (5) other uncontroverted evidence of professional misconduct.
The AGC has met its burden, and there is sufficient evidence to suspend respondent for failure to cooperate under 22 NYCRR 1240.9(a)(1) and (3). The record established that the AGC has repeatedly sent emails and called respondent to answer C.C.'s and V.F.'s complaints (22 NYCRR 1240.9 [a][1]; see Matter of Naccarato, 222 AD3d 32, 34 [1st Dept 2023]; Matter of Tessler, 215 AD3d 61, 65 [1st Dept 2023]; Matter of Hoffman, 183 AD3d 61, 65 [1st Dept 2020];Matter of Matic, 165 AD3d 45, 47 [1st Dept 2018]; Matter of Goldsmith, 159 AD3d 188, 192 [1st Dept 2018]). The AGC warned respondent that her failure to timely submit a written answer or to cooperate with the AGC may result in disciplinary action and suspension (see Naccarato, 222 AD3d at 34; Tessler, 215 AD3d at 65).
Respondent was also personally served with a subpoena requiring her to appear at the AGC on September 27, 2023, and to bring with her bank records for her escrow account from [*4]January 2022 to the present (see Naccarato, 222 AD3d at 34; Tessler, 215 AD3d at 65; Matter of Meettook, 206 AD3d 9, 11 [1st Dept 2022]). While the AGC was ultimately able to obtain her escrow account information and bank records through its own investigative efforts, respondent was directed to provide both information but failed to do so (Matter of Grant, 224 AD3d 1, 3 [1st Dept 2024]).
Based on the foregoing, we find that respondent failed to comply with the lawful demands of the courts and AGC (22 NYCRR 1240.90[a][3]; see e.g. Matter of Amankwaa, 221 AD3d 107 [1st Dept 2023]; Tessler, 215 AD3d 61; Matter of Espinoza, 200 AD3d 21 [1st Dept 2021]; Matter of Greenblum, 199 AD3d 84 [1st Dept 2021]; Hoffman, 183 AD3d 61; Matter of Thomas, 155 AD3d 61 [1st Dept 2017]). We also find that respondent's interim suspension is warranted (see e.g. Naccarato, 222 AD3d 32; Tessler, 215 AD3d 61; Greenblum, 199 AD3d 84; Matter of Doris, 186 AD3d 23 [1st Dept 2020]).
Although the AGC only requested the appointment of a receiver in its reply, it does request "such other and further relief as this Court may deem just and proper." Thus, given the evidence of mismanagement and imminent risk to client funds and files, we find it appropriate to, sua sponte, appoint a receiver (Matter of Lessoff, 142 AD3d 107, 112 [1st Dept 2016]).
Finally, this Court denies respondent's request to hold this disciplinary proceeding in abeyance until the conclusion of the criminal proceedings against her in Suffolk County. "A criminal defendant does not have a right to stay a related disciplinary proceeding pending the outcome of trial" (Matter of Chaplin v New York City Dept. of Educ., 48 AD3d 226, 227 [1st Dept 2008]).
Accordingly, the AGC's motion should be granted, and respondent suspended from the practice of law effective immediately and until further order of this Court. The AGC's request for the appointment of a receiver should also be granted.
All concur.
It is Ordered that the motion of the Attorney Grievance Committee is granted, pursuant to 22 NYCRR 1240.9(a)(1) and (3), and respondent Daphna Zekaria is suspended from the practice of law in the State of New York, effective the date hereof, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Daphna Zekaria, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Daphna Zekaria shall [*5]comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Daphna Zekaria has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency forthwith, and
It is further Ordered that, pursuant to 22 NYCRR 1240.21(a), David G. Commender, Esq., 2 Dante Street, Larchmont, NY 10538, (914) 774-9610, is appointed as receiver to take possession of the client files maintained by respondent Daphna Zakaria, to examine said files, and to advise clients of respondent Daphna Zekaria to secure another attorney or take any other action necessary to protect the clients' interests.
Entered: June 18, 2024i67 Ma 267 Main Street, Floor 2, Huntington, New York 117439. O in Street, Floor 2, Huntington, New York 117439. O 267 Main Street, Floor 2, Huntington, New York 117439. O